# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Enrique Bernal Arencibia,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 18-294 ADM/DTS

___

Ruth Shnider, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Lisa M. Lopez, Assistant Federal Public Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Enrique Bernal Arencibia's ("Arencibia" ) Motion for Compassionate Release [Docket No. 48]. Arencibia requests a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On February 6, 2019, Arencibia entered a plea of guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B). Min. Entry [Docket No. 25]; Plea Agreement [Docket No. 28]. He was sentenced on September 26, 2019, to a term of 70 months. Min. Entry [Docket No. 45]; Sentencing J. [Docket No. 46]. The sentence was a downward departure from the sentencing guidelines range of 77 to 96 months. Presentence Investigation Report ("PSR") [Docket No. 34] ¶ 92.

At the time of conviction on his current offense, Arencibia was already a nine-time

convicted felon.  His felony convictions included first degree attempted (gunpoint) robbery in 1983, possession of a controlled substance in 2002, 2003, 2005, and 2007, first degree burglary in 2005, third degree drug sale in 2008, felony domestic assault in 2013, and felony fleeing a police officer in 2015.  PSR ¶¶ 29, 33, 36–39, 41, 44–45.

Arencibia is currently incarcerated at the federal correctional institution in Oxford, Wisconsin ("FCI Oxford").  His projected release date is October 18, 2023.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 21, 2021).  He has served approximately 31 months of his 70-month sentence.  Def. Ex. 7 [Docket No. 55, Attach. 7] at 16.

In November 2020, Arencibia tested positive for an asymptomatic case of COVID-19 and recovered without complications.  Def. Ex. 2 [Docket No. 55, Attach. 2] at 228–229.  He received the Moderna vaccine on February 10 and March 10, 2021, and is now fully vaccinated against the virus.  Id. at 258.

Arencibia now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Arencibia, age 63, argues that his age, race, and underlying health conditions make him particularly vulnerable to becoming seriously ill from COVID-19.  He also argues that he is likely to contract COVID-19 in the prison environment, where social distancing is not possible.  Arencibia contends these circumstances constitute extraordinary and compelling circumstances warranting his release.

The Government opposes Arencibia's Motion, arguing that no extraordinary and compelling circumstances exist, and that the sentencing factors in 18 U.S.C. § 3553(a) militate against reducing Arencibia's sentence.

## III. DISCUSSION

### A. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).[1]

---

[1] The policy statement refers only to compassionate release motions filed by the "Director of the Bureau of Prisons," and has not been updated to reflect that, with the passage of the 2018 First Step Act, defendants are now allowed to file such motions directly. See U.S.S.G. § 1B1.13 comment n.4; First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018). The Eighth Circuit has not decided whether the policy statement embodied in U.S.S.G. § 1B1.13 applies to compassionate release motions filed by defendants. United States v. Gater, No. 20-2158, 2021 WL 2069968, at *2 (8th Cir. May 24, 2021). Most of the circuit courts to have considered the issue have held that § 1B1.13 is not an applicable policy statement for defendant-initiated motions. See United States v. Long, 997 F3d 342, 355–57 (D.C. Cir. 2021); United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021); United States v. Aruda, 993 F.3d 797, 800–02 (9th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1050–51 (10th Cir. 2021); United States v. McCoy, 981 F.3d 271, 281–84 (4th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234–37 (2d Cir. 2020); but see United States v. Bryant, 996 F.3d 1243, 1247 (11th Cir. 2021) (holding that "1B1.13 is still an applicable policy

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

## B. Analysis

The parties agree that Arencibia has satisfied the exhaustion requirement by filing a request for release with the Warden of his facility that was denied on June 12, 2020. See Def. Exs. 4, 5 [Docket No. 55, Attachs. 4, 5]; Gov't Resp. Opp'n [Docket No. 56] at 4 n.1. His Motion is therefore ripe for review.

Arencibia argues that his age of 63 and health conditions, which include obesity and chronic kidney disease, increase his risk of severe illness or death were he to become reinfected with COVID-19. Arencibia contends that this elevated risk of severe illness and death constitutes extraordinary and compelling circumstances justifying a sentence reduction.

The Centers for Disease Prevention and Control ("CDC") recognizes that older adults and people with certain medical conditions, including chronic kidney disease and obesity, are more likely to become severely ill from COVID-19. See CDC, COVID-19, People with Certain Medical Conditions,

---

statement for a Section 3582(c)(1)(A) motion, no matter who files it").
    Given the weight of this non-binding circuit court precedent, the Court will not treat U.S.S.G. § 1B1.13 as binding on Arencibia's motion, but will consider the policy statement as guidance for exercising its discretion under § 3582(c)(1)(A). See United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) ("In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.").

4

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html( last visited June 21, 2021).  However, any risk to Arencibia has been substantially reduced because he received both doses of the Moderna vaccine and is now fully vaccinated. Arencibia's vaccination provides him with significant protection against severe illness or death from COVID-19 should he become reinfected.[2]  As a result, Arencibia's health concerns do not constitute extraordinary and compelling reasons warranting a sentence reduction.  See Rodriguez, 2021 WL 1187149, at *1 (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

Resisting this conclusion, Arencibia argues that the vaccine may be less effective for him because at the time he was vaccinated he was using a topical steroid cream to treat a minor skin condition, and this medicine has immunosuppressive properties that may have interfered with the efficacy of the vaccine.  In support, Arencibia cites to United States v. Sandoval, a case involving a vaccinated defendant who was taking immunosuppresant drugs following an organ transplant.  See United States v. Sandoval, No. CR14-5105, 2021 WL 673566, at *5 (W.D. Wash. Feb. 22, 2021).  The Sandoval court granted the defendant a compassionate release based on an expert's opinion that the defendant was less likely to develop antibodies to COVID-19 due

---

[2] The Federal Drug Administration ("FDA") has determined that the Moderna vaccine is 94% effective in preventing COVID-19.  See FDA Emergency Use Authorization Letter, https://www.fda.gov/media/144636/download (last visited June 21, 2021).

5

to the immunosuppressive medications the defendant was taking.  Id.  These facts involving immunosuppressant drugs taken by an organ transplant recipient are not sufficiently similar to warrant a conclusion that the topical steroid cream that Arencibia takes for his mild skin condition might impact his ability to develop antibodies to COVID-19.  Arencibia has provided no evidence to support his speculation that the skin cream he uses may interfere with the efficacy of the Moderna vaccine.

Arencibia also argues that his Aftro-Latino race makes him more vulnerable to COVID-19.  Sadly, racial and ethnic minority groups have been more adversely affected by COVID-19.  However, the CDC attributes this disproportionate impact to social inequities such health care access and occupations that involve increased exposure to COVID-19.  See CDC, COVID-19, Health Equity Considerations and Racial and Ethnic Minority Groups, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html ( last visited June 21, 2021).  These socioeconomic variables are not present in a prison setting.  Moreover, the CDC reports that the Moderna vaccine was "highly effective in clinical trials at preventing COVID-19 among people of diverse age, sex, race, and ethnicity categories and among people with underlying medical conditions."  CDC, COVID-19, Moderna COVID-19 Vaccine Overview and Safety, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited June 21, 2021).

Arencibia further argues that break-through cases of COVID-19 have occurred in people who have been vaccinated against the virus, and that it is possible he could suffer a severe break-through reinfection.  However, the CDC states that COVID-19 vaccines protect against severe

illness in COVID-19 break-through cases.  See CDC, COVID-19, Vaccines, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited June 21, 2021).

In addition to his vaccination, Arencibia's successful recovery after a positive COVID-19 test in November 2020 provides him with some natural immunity and lessens his risk of re-infection.  The CDC states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare."  CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited June 21, 2021).  Thus, Arencibia's prior infection is an additional basis for concluding that his health concerns are not extraordinary and compelling.  See Rodriguez, 2021 WL 1187149, at *2 (denying compassionate release where defendant was previously infected with COVID-19, had recovered, and was vaccinated); Williams, 2021 WL 1087692, at *3 (same).

Arencibia also cannot show a particularized risk of contracting COVID-19 at FCI Oxford.  There are currently no active inmate cases of COVID-19 and only one staff case at the facility.  Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 21, 2021).  Moreover, 70 staff members and 450 of the 878 inmates at FCI Oxford have been vaccinated against COVID-19.  Id.

Even if Arencibia could show extraordinary and compelling circumstances, the Motion would be denied because the sentencing factors in § 3553(a) weigh against his release.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to

protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

At the time Arencibia committed the instant drug offense, he was 61years old and had already served several prison sentences ranging from one to four years for multiple drug convictions and other serious crimes. Arencibia's age and past prison sentences did not deter him from committing this serious drug offense. Additionally, although Arencibia's past crimes were committed while he was addicted to crack cocaine, he committed this offense after overcoming his addiction in 2016. PSR ¶¶ 12, 76; Def.'s Mem. Supp. Mot. at 29–30. Under these circumstances, releasing Arencibia after he has served less than half of his sentence would detract from the seriousness of the offense, diminish respect for the law, and afford inadequate deterrence for the crime committed.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Enrique Bernal Arencibia's Motion for Compassionate Release [Docket No. 48] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 21, 2021